Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Jason H. Rosell (CA Bar No. 269126)
Steven W. Golden (admitted *pro hac vice*)
Brooke E. Wilson (CA Bar No. 354614)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Facsimile: 415-263-7010
Email: dgrassgreen@pszjlaw.com
jfiero@pszjlaw.com
jrosell@pszjlaw.com
sgolden@pszjlaw.com
bwilson@pszjlaw.com

*Attorneys for the Official Committee
of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>LEFEVER MATTSON, a California corporation, *et al.*,[1]<br><br>Debtors. | Case No. 24-10545 (CN)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>***EX PARTE* APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER AUTHORIZING SERVICE OF A SUBPOENA FOR PRODUCTION OF DOCUMENTS BY BMO BANK, N.A. PURSUANT TO BANKRUPTCY RULE 2004**<br><br>[No Hearing Required] |

The Official Committee of Unsecured Creditors (the "Committee") of LeFever Mattson, a California corporation. ("LFM" or the "Debtor") submits this *ex parte* application ("Application") for an order authorizing service of a subpoena requiring the production of documents by BMO Bank, N.A. ("BMO") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in the above-captioned chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM. The address for service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

Rules") and Bankruptcy Local Rule 2004-1 (the "Local Rules"). An examination under Bankruptcy Rule 2004 (the "2004 Examination") that includes the production of documents by BMO is necessary for the Committee to fully investigate the events preceding the Debtors' bankruptcy cases as well as potential avoidance or other actions that may accrue to the benefit of general unsecured creditors.

I.

**FACTUAL BACKGROUND**

**A.   Bankruptcy Case Events**

On August 6, 2024, September 12, 2024, and October 2, 2024 (the "Petition Dates"),[2] each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division (the "Court").

The Committee was first formed on October 9, 2024 and hired counsel shortly thereafter. It is incumbent upon the Committee in this case to investigate and then pursue claims against third parties whose prepetition business dealings implicate chapter 5 of the Bankruptcy Code, as well as "challenge" any lien positions or debts incurred prior to the Petition Date. To that end, the Committee must investigate the Debtors' prepetition activities, including those detailed in the *Declaration of Bradley D. Sharp in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 5] (the "First Day Declaration").

As discussed in the First Day Declaration, from approximately 2019 through 2023, Ken Mattson caused KS Mattson Partners, LP ("KS Mattson"), a partnership that he beneficially owns, to purchase numerous properties (the "Mattson Properties") that were financed by loans issued by Socotra, and then caused KS Mattson to sell the Mattson Properties to certain Debtors, encumbered by the loans issued by Socotra (*i.e.*, Ken Mattson sat on both sides of the transaction) (the "Mattson Transactions"). The Committee understands that LFM held an account, ending with -1059, with BMO (the "1059 Account") which was only accessed by, and accessible to, Mr. Mattson and which may have been used to facilitate, among other things, the Mattson Transactions. The Committee

---
[2]   Debtor, Windscape Apartments, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 6, 2024. Debtors Pinewood Condominiums, LP and Ponderosa Pines, LP each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 2, 2024. The other fifty-eight Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on September 12, 2024.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

understands that the Debtors lack access to the 1059 Account—including critical historical information regarding transactions funneled through the 1059 Account—and to date, BMO has failed to provide the Debtors with the information and access to which they are entitled. Accordingly, the Committee (with the full support of the Debtors) requests the issuance of a subpoena compelling BMO to produce all relevant requested documents in its possession, custody, or control by 4:00 p.m. (Pacific Time) on January 13, 2025. A proposed order authorizing a 2004 Examination of BMO is attached hereto as **Exhibit A**.

## II.

## LEGAL DISCUSSION

**A. The Committee Is Entitled to 2004 Examinations Pursuant to Bankruptcy Rule 2004 and Applicable Local Rules**.

Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." The term "entity" includes persons. 11 U.S.C. § 101(15). Examinations under Bankruptcy Rule 2004 include within their scope any matter related to assets, liabilities, or the financial condition of the debtor; or any matter which may affect the administration of a debtor's estate. *See* Fed. R. Bankr. P. 2004(b). A person may be compelled to attend an examination, including outside the district where the case is pending, by issuance of a subpoena and as provided in Bankruptcy Rule 9016. Fed. R. Bankr. P. 2004(c).

Local Rule 2004-1 provides that the clerk of the Court may grant an application and issue an order authorizing a 2004 examination "ex parte and without notice." L.B.R. 2004-1(a). There is no need for a hearing because the procedure is akin to the Court granting authority to issue a third-party subpoena pertaining to affairs of the estate.

**B. The Court Should Authorize a 2004 Examination of BMO.**

The Committee is informed and believes that BMO has possession, custody, and control of documents and information surrounding the events and transactions described above. Importantly, access to the information requested is critically important to the Debtors' and Committee's ongoing forensic investigation.

The purpose of a Bankruptcy Rule 2004 examination is "to allow inquiry in the debtor's acts, conduct or financial affairs so as to discover the existence or location of assets of the estate." *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993). *See also In re N. Plaza LLC*, 395 B.R. 113, 122 n. 9 (S.D. Cal. 2008) (purpose of Bankruptcy Rule 2004 examination is "discovering assets and unearthing frauds") (internal citations omitted); *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) (rule's primary purpose is to ascertain "the extent and location of the estate's assets [and] examination is not limited to the debtor or his agents, but may properly extend to creditors and third parties who have had dealings with the debtor.") (internal citations omitted).

The scope of an examination permitted under Bankruptcy Rule 2004 is "unfettered and broad." *In re Dinubilo*, 177 B.R. at 939. *See also In re W&S Investments, Inc.*, 1993 U.S. App. LEXIS 2231 at *6 (9th Cir. Jan. 28, 1993) ("The scope of inquiry permitted under a Rule 2004 examination is generally very broad and can legitimately be in the nature of a 'fishing expedition.'") (internal citations omitted). This broad inquiry extends to third parties as well: "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993); *see also In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. D. Wis. 1984) ("When there is a showing that the purpose of the examination is to enable a party to probe into matters which may lead to the discovery of assets by examining not only the debtor, but also other witnesses, such inquiry is allowed."). This is because "[t]he clear intent of Rule 2004 . . . is to give parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors." *In re GHR Companies, Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984).

**WHEREFORE**, the Committee respectfully requests that the Court:

1. Grant this Application;

2. Enter the attached order authorizing service of a subpoena requiring the production by 4:00 p.m. (Pacific Time) on January 13, 2025 of the documents identified on the subpoena annexed to the order; and

///

3. Order such other and further relief as may be appropriate.

Dated: December 20, 2024                PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Jason H. Rosell*
    Debra I. Grassgreen
    Jason H. Rosell
    Steven W. Golden
    Brooke E. Wilson

*Attorneys for the Official
Committee of Unsecured Creditors*