Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Jason H. Rosell (CA Bar No. 269126)
Brooke E. Wilson (CA Bar No. 354614)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Facsimile: 415-263-7010
Email: dgrassgreen@pszjlaw.com
jfiero@pszjlaw.com
jrosell@pszjlaw.com
bwilson@pszjlaw.com

*Attorneys for the Official Committee
of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON, a California corporation, *et al.*,[1]<br><br>Debtors. | Case No. 24-10545 (CN)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**DECLARATION OF KEVIN KATARI IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF PwC US BUSINESS ADVISORY LLP AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |

I, Kevin Katari, declare as follows:

1. I am the Chair of the Official Committee of Unsecured Creditors (the "Committee) of LeFever Mattson, a California corporation, and certain of its affiliates that are debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11

---

[1] The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in the above-captioned chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM. The address for service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

Cases"). I submit this declaration in connection with the Committee's application (the "Application") to retain PwC US Business Advisory LLP ("PwC") as financial advisor to the Committee.[2] I have personal knowledge of the facts set forth herein and, if called as a witness, I would and could competently testify thereto.

2. The Committee was appointed on October 9, 2024, and engaged Pachulski Stang Ziehl & Jones LLP as its counsel in mid-October. The Committee meets on a weekly basis for approximately 1.5 hours to discuss pertinent developments in the Chapter 11 Cases in addition to additional ad hoc meetings as required.

3. A primary objective of the Committee is to investigate the prepetition conduct of the Debtors, Ken Mattson, and his affiliated entities, including any historical real estate transactions. This is a complex investigation involving more than 60 entities, hundreds of real estate transactions often involving a series of 1031 tax exchanges, and hundreds of millions of dollars of third party investor funds. In furtherance of the Committee's investigation, I understand that the Committee has, among other things: (a) served fifteen subpoenas, (b) issued informal discovery to the Debtors and third parties, and (d) obtained chain of title reports and publicly-filed documentation with respect to hundreds of parcels of real property.

4. The Committee anticipates that the information it collects through discovery and the proofs of claim / proofs of interest process will be used for a variety of purposes, including (a) to help determine how much each investor may be entitled from the proceeds of the sale of the Debtors' real estate; (b) whether the Debtors should be substantively consolidated (*i.e.*, whether each Debtors' assets and liabilities should be combined with one another); (c) whether the Debtors' operations amount to a Ponzi scheme, thereby facilitating the recovery of fraudulently transferred property; and (d) identifying potential causes of action against third parties.

5. After carefully considering the trajectory of these Chapter 11 Cases and the issues that will need to be addressed – *e.g.*, modeling different recovery scenarios for investors and

---

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Application.

digesting voluminous amounts of diverse documents – the Committee decided to engage its own financial advisor.

6. The Committee solicited proposals from three prospective financial advisors, including PwC. The full Committee interviewed each candidate. The Committee members asked questions of each candidate, with a focus on experience, cost, and access to relevant technology. Following the presentations, the Committee unanimously selected PwC. In addition to its relevant experience advising creditors' committees in chapter 11 cases, PwC agreed to discount its rates by 20%. Given that speed and efficiency are an important consideration to the Committee, PwC's ability to leverage technology was a key factor in their selection. .

7. It is the collective and well-informed business judgment of the Committee that the retention of PwC as its financial advisor is in the best interests of the estates and investors. This Committee is aware that every dollar in professional fees is a dollar unavailable to investors; we only support fees where we believe they will enhance the return to investors. Under the circumstances, the Committee believes that the potential benefits – including the utilization of purpose-built technology to create efficiencies in connection with the Committee's investigation – is in the best interests of investors.

8. For the foregoing reasons, the Committee respectfully requests that the Court approve the Application.

To the best of my knowledge, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of February, 2025.

*Kevin Katari*
Kevin Katari (Feb 12, 2025 10:47 PST)
_____
Kevin Katari