SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
THEODORE A. COHEN, Cal Bar No. 151427
CAROLINE R. SISCHO, Cal Bar No. 346962
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone:    213.620.1780
Facsimile:    213.620.1398
E mail        tcohen@sheppardmullin.com
              csischo@sheppardmullin.com

JEANNIE KIM, Cal Bar No. 270713
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E mail        jekim@sheppardmullin.com

Attorneys for Secured Creditor Socotra Capital, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON, a California corporation, et al.,<br><br>Debtor.[1] | Case No. 24-10545 (CN)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**SOCOTRA CAPITAL, INC.'S LIMITED OBJECTION TO DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR REAL PROPERTY SALES, AND RESERVATION OF RIGHTS WITH RESPECT THERETO**<br><br>Date:    February 19, 2025<br>Time:   11:00 a.m. PST<br>Place:   United States Bankruptcy Court<br>         1300 Clay Street, Courtroom 215<br>         Oakland, CA 94612<br><br>**[Related to ECF No. 689]** |

Secured creditor Socotra Capital, Inc., on behalf of itself and any of its affiliates as lender and/or servicer (collectively, "Socotra" or "Lender"), respectfully submits this limited objection and reservation of rights (the "Limited Objection") with respect to the *Motion of Debtors to*

---

[1] The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://veritaglobal.net/LM. The address for service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

*Establish Procedures for Real Property Sales* [ECF No. 689] (the "Motion")[2] filed by LeFever Mattson, a California corporation ("LeFever Mattson"), a debtor and debtor in possession in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases"), and its affiliated debtors and debtors in possession (collectively with LeFever Mattson, the "Debtors"). Socotra also incorporates and joins in the limited objections to the Motion filed by Umpqua Bank [ECF No. 790], Federal Home Loan Mortgage Corporation [ECF No. 796], and Fannie Mae [ECF No. 797] (collectively, the "Other Limited Objections").

## I.

## PRELIMINARY STATEMENT

By the Motion, the Debtors seek, among other things, Court authorization to implement procedures to govern the sales of their collective interests in certain real property in the Debtors' possession, on terms and conditions described in the Motion. Socotra would like Debtors to sell all of the properties upon which Socotra has liens (collectively, the "Socotra Properties") within a reasonable time frame and with certain protections for Socotra. As such, Socotra conceptually does not oppose the Debtors' request to establish procedures for a streamlined and fair process for disposing of their many real estate assets. However, as set forth in greater detail below and in the Other Limited Objections, Socotra respectfully requests that any order granting the Motion include specific protections that fall into the following general categories:

1.  Disclosure of a marketing plan that includes a timeline for listing and selling the Socotra Properties;

2.  Confirmation of Socotra's right to credit bid for any of the Socotra Properties under Bankruptcy Code Section 363(k);

3.  Additional notice requirements beyond those set forth in the Motion in connection with specific proposed sales of Socotra Properties and the right to object thereto;

4.  Consultation rights for Socotra with respect to each proposed sale prior to Debtors entering into a contract with a proposed buyer;

---

[2] Capitalized terms not otherwise defined in this Opposition shall have the same meanings ascribed to them in the Motion.

5. To sell any Socotra Property free and clear of Socotra's lien over Socotra's objection and without Socotra's consent, the proposed sale must provide for payment in full of the loan secured by Socotra's lien on such Property (each a "Socotra Loan", and all such loans collectively, the "Socotra Loans") - - through escrow, out of the closing of such sale; and

6. As set forth in the Other Limited Objections, secured creditors, including Socotra, who credit bid should (i) be able to credit bid for any Socotra Property whether or not Debtors have determined to accept a cash bid where the net proceeds of sale are insufficient to pay the corresponding Socotra Loan in full, and (ii) not be required to pay commissions and transactions fees, Closing Costs, Break-Up Fee or Expense Reimbursement in connection with such credit bid.

## II.

## BACKGROUND

**A.  General Background of Debtors Chapter 11 Cases**

Socotra refers to the Debtors' recitation of their "General Background" as set forth in section II(A) of the memorandum of points and authorities appended to the Motion.

**B.  Socotra**

To secure the Socotra Loans, Lender holds first priority deeds of trust (the "Socotra Deeds of Trust") against the Socotra Properties.[3] The Socotra Deeds of Trust constitute evidence of Socotra's secured interests in the Socotra Properties as granted to Lender in connection with the Socotra Loans made by Lender to KS Mattson Partners L.P. ("KSMP"), or debtors Buckeye Tree LP and Red Spruce Tree LP. Many of the Socotra Properties that KSMP (to whom Lender made the majority of the Socotra Loans) owned are currently held by the Debtors, such Socotra Properties having been transferred to the Debtors subject to Lender's liens without Lender's knowledge or consent in violation of the terms of the Socotra Loans.

---

[3] See, e.g., Socotra's proofs of claim filed January 30, 2025, Claim Nos. 324, 343, 387, 388, 389, 390, 392, 394, 396, 398, 399, 401, 404.

C. **Key Provisions of Debtors' Proposed Sale Procedures**

The Debtors assert that they own approximately 176 commercial, residential, office, mixed-use real estate, and vacant land properties located primarily throughout Sonoma, Sacramento, and Solano Counties. Of these properties, approximately 60 are encumbered by the Socotra Deeds of Trust. The Debtors now propose to establish the Sale Procedures to avoid, among other things, the burdensome task of seeking Court approval of each proposed Sale of real property and the potential for chilled bidding. Socotra is conceptually agreeable to Debtors not being required to bring a sale motion for the sale of each Property. As noted above, while Socotra would like to see the Socotra Properties marketed and sold, the Sale Procedures should be modified as set forth below to maximize value and protect the rights of Socotra.

## III.

## LIMITED OPPOSITION

Bankruptcy Code[4] section 363(b)(1) provides: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Section 105(a) provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 363 does not provide a standard for approving a sale, but the Ninth Circuit has held that the "bankruptcy court has considerable discretion in deciding whether to approve or disapprove the use of estate property by a debtor in possession, in the light of sound business justification." *In re Walter*, 83 B.R. 14, 16 (9th Cir. 1988). *See also Chamberlain v. Stanziale (In re Chamberlain)*, 545 B.R. 827, 844 (D. Del. 2016) (stating that the Bankruptcy Court has "considerable discretion" for approving sales under section 363). Socotra requests that any order granting the Motion and approving the Sale Procedures include the provisions set forth below to maximize value and protect Socotra.

---

[4] Unless otherwise indicated, all section references in this Limited Opposition shall be to the Bankruptcy Code.

A. **The Sale Procedures Should Include a Marketing Plan With a Timeline for Listing and Selling the Socotra Properties and Provide Socotra With Consultation Rights on Offers.**

The Debtors represent that they have been working with FTI to develop the Sale Procedures and a comprehensive plan to market the Properties for Sale. Socotra supports the Debtors' progress toward value-maximizing Sales - - indeed, Socotra's goals align with the Debtors' in this regard. However, Socotra believes it is important and appropriate, given its position as a first-priority lienholder as to the Socotra Properties, to understand the proposed timing and marketing plan for Sale of the Socotra Properties. Accordingly, Socotra requests that the Court require the Debtor to collaborate and consult with Socotra with respect to any Sale of a Socotra Property. Specifically, Socotra requests that the order approving the Sale Procedures require the Debtors to:

(a) Share with Socotra, on a confidential basis, the estates' plan for disposition of the Socotra Properties, including the specific Socotra Properties to be sold and the proposed timing of listing the Socotra Properties for sale. For Socotra Properties not sold by June 30, 2026, Socotra should be provided automatic relief from the automatic stay with respect to such Socotra Properties without the need for a motion or any other action or order;

(b) Give notice to Socotra each time Debtors list a Socotra Property for sale, which notice shall include the identification of the Socotra Property, contact information for the broker, and the list price (collectively, the "Socotra Listings"). The Socotra Listings shall be served by email on Socotra's counsel of record in these Chapter 11 Cases (Theodore A. Cohen, Esq., and Jeannie Kim of Sheppard, Mullin, Richter & Hampton, LLP ("Sheppard Mullin"), at the email addresses tcohen@sheppardmullin.com and jekim@sheppardmullin.com); and

(c) Provide Socotra with consultation rights pursuant to which the Debtors and the Committee shall confer and consult with Socotra in connection with offers received by the Debtors as to the purchase and sale of Socotra Properties, *prior* to the Debtors' acceptance of a "best and final" bid and giving notice of the proposed Sale of a Socotra Property under the

proposed Sale Procedures (i.e., the Sale Notice), and regardless of whether offers to purchase any Socotra Properties exceed the amount of the debt secured by Socotra's liens.

This requested level of detail is essential for Socotra to assess adequately and timely the impact of the proposed Sales on its secured interests. Socotra is based in Sacramento, California, and is familiar with the real estate markets in which the Socotra Properties are located. While the primary reason Socotra requests that the Debtors share information and provide Socotra with consultation rights is to ensure that Socotra's secured interests are protected, Socotra also believes its familiarity with its collateral and experience with financing transactions secured by real properties in the northern California markets will afford the Debtors with valuable insights that will further the parties' mutual goal of maximizing value for creditors.

**B.     The Order Approving Sale Procedures Should Confirm the Timing of Submitting Credit Bids and Socotra's Right to Credit Bid for Socotra Properties Under Bankruptcy Code Section 363(k)**

Bankruptcy Code Section 363(k) provides secured creditors the right to credit bid their allowed claims secured by property of the estate at sales under Bankruptcy Code Section 363(b). Under Bankruptcy Code Section 502(a), a claim filed under Bankruptcy Code Section 501 (Filing of proofs of claims or interests) is deemed allowed, unless a party in interest objects. The proposed Sale Procedures provide for creditors to submit credit bids for Properties, up to the amount of their respective secured claims.

While not in the Motion, Socotra understands from Debtors that a secured creditor entitled to credit bid may submit a credit bid for a Property any time after such Property is listed. Socotra requests that Debtors confirm this timing, and include a corresponding provision in the order approving Sale Procedures.

With respect to Socotra specifically, as set forth above, Socotra filed proofs of claim for the Socotra Loans on January 30, 2025. No one has objected to Socotra's claims. Therefore, Socotra's claims are deemed allowed. Socotra requests that the order approving the Sale Procedures confirm Socotra's right to credit bid on Socotra Properties.

Moreover, as set forth in the Other Limited Objections, in all instances where the Debtors have determined to accept an offer on a Socotra Property where the net proceeds are not sufficient to pay the corresponding Loan in full, Socotra should be afforded the opportunity to credit bid. And in connection with any credit bid where Socotra is the successful bidder, Socotra should not be required to pay Closing Costs, the Break-Up Fee or the Expense Reimbursement.

**C.      The Sale Procedures Should Afford Socotra Sufficient Notice of Certain Milestones Related to Each Proposed Sale.**

. The order approving Sale Procedures should also contain the following provisions related to the notice and objection process for Sales of Socotra Properties when the Debtors have reached agreements with buyers:

(a)     Because the Sale Notices will not be filed with the Court, the Debtors shall serve each Sale Notice by email as set forth above with respect to Socotra Listings. Socotra further requests that the Debtors identify the party (name(s) and email address(es)) anticipated to give notice of each Socotra Listing and each Sale Notice.

(b)     The Objection Deadline shall be ten (rather than seven) calendar days after service.

(c)     The Debtors shall confirm that references to "interest holder" in the Sale Notice include holders of liens asserted against the Properties (lienholders), and so provide in the order approving Sale Procedures.

These requested modifications to the proposed Sale Procedures will ensure that Socotra, as a secured creditor or servicing agent for the Lenders, is afforded due notice of the Debtors' anticipated Sales of Socotra Properties and ample opportunity to consult and confer with the Debtors regarding disposition of the Socotra Properties.

**D.      Disposition of Proceeds of Sales of Socotra Properties.**

Socotra reserves all rights and remedies under applicable bankruptcy and non-bankruptcy law in connection with proposed Sales of Socotra Properties, including the right to object to any proposed Sale, regardless of whether the proposed purchase price exceeds the value of Socotra's liens or not.

Without limiting the foregoing, with respect to the proposed sale of each Socotra Property, the order approving the Motion and Sale Procedures should include the following provisions:

(a) Consistent with Bankruptcy Code Section 363(f), to sell free and clear of Socotra's lien on such Socotra Property over the objection of Socotra or without Socotra's consent, Debtors shall be required to pay Socotra in full on the loan secured by such Socotra Property through escrow at closing;

(b) For consummated Sales of Socotra Properties, whether sales proceeds are sufficient to pay Socotra in full or Socotra consents to a short sale, Socotra shall be paid through escrow at closing; and

(c) Consistent with Socotra's reservation of rights in that certain Order Authorizing Employment of FTI Consulting, Inc. as Real Estate Advisors, Effective as of November 12, 2024 (ECF 641), as the Court previously conditioned FTI's employment and compensation on reservation of Socotra's rights, as a first-priority lienholder, to be satisfied in full on account of its secured claims prior to payment of any advisory and transaction fees of FTI, Socotra reiterates and renews its prior limited objection to the Debtors' request to pay FTI's 1.5% advisory and transaction fee (which is in addition to brokers' fees) unless and until Socotra's secured claims as to a Socotra Property to be sold are satisfied and paid in full..

## IV.
## **CONCLUSION**

Based on the foregoing, Socotra respectfully requests that the Court afford Socotra the relief requested above.

Dated: February 12, 2025       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     /s/ Theodore A. Cohen
           THEODORE A. COHEN
           JEANNIE KIM
           CAROLINE SISCHO

Attorneys for Socotra Capital, Inc.