JEFFER MANGELS BUTLER & MITCHELL LLP
ROBERT B. KAPLAN (Bar No. 76950)
*rbk@jmbm.com*
THOMAS M. GEHER (Bar No. 130588)
*tgeher@jmbm.com*
Two Embarcadero Center, 5th Floor
San Francisco, California 94111-3813
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584

Attorneys for UMPQUA BANK

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON, a California corporation, et al.[1],<br><br>Debtors. | Case No. 24-10545<br><br>(Jointly Administered)<br><br>Chapter 11 |
| In re<br><br>KS MATTSON PARTNERS, LP,<br><br>Debtor. | Case No. 24-10715 (CN)<br><br>Chapter 11<br><br>**RESPONSE AND OPPOSITION OF UMPQUA BANK TO MOTION FOR SUBSTANTIVE CONSOLIDATION OF DEBTORS LEFEVER MATTSON AND KS MATTSON PARTNERS, LP**<br><br>Date: July 18, 2025<br>Time: 11:00 a.m.<br>Ctrm: 215 |

---

[1] The last four digits of LeFever Mattson's tax identification number are 7537. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM. The address for service on the Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621.

# INTRODUCTION

The Motion of the Official Committee of Unsecured Creditors for Substantiative Consolidation of Debtor LeFever Mattson and KS Mattson Partners, LP ("Motion") to substantively consolidate the separate bankruptcy estates of (i) LeFever Mattson, a California corporation ("LFM"), and (ii) KS Mattson Partners, LP ("KSMP") (the "Motion") is premature and not supported by any admissible evidence. Thus, the Motion should be denied without prejudice at this time or alternatively, continued to a date well beyond the August 8, 2025 deadline currently set forth the filing of KSMP's Statement of Financial Affairs and Statement of Assets and Liabilities. Significantly, at the hearing held on June 24, 2025 on KS Mattson Partners, LP's Motion for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Statement of Financial Affairs and List of Equity Security Holders, and (II) Suspending the Governmental Bar Date, this Court also raised the issue about the premature nature of the Motion.

On September 12, 2024, LFM commenced its chapter 11 case. On November 24, 2024, an Involuntary Petition was filed against KSMP. On June 9, 2025, an Order for Relief was entered against KSMP and, as a result, KSMP became a chapter 11 debtor in possession. See, Motion, page 11 of 262, lines 1-9. On June 16 and 24, 2025, the Bankruptcy Court entered interim and final Orders (KSMP docket nos. 145 and 172), respectively, appointing Robbin L. Itkin as the responsible individual for KSMP. Ms. Itkin remains KSMP's responsible individual.

No Schedules, Statement of Financial Affairs or other required documents setting forth the assets and liabilities of the estate of KSMP have been filed. In the Extension Motion, the Court extended the time for KSMP to file its Schedules and Statement of Financial Affairs to August 8, 2025.

Umpqua Bank (the "Bank") is a secured creditor of certain of the jointly administered estates of the "LFM Debtors'" and an unsecured creditor of the estates of LFM and KSMP. The Bank made (and filed proofs of claim concerning) separate and distinct secured real estate loans to Debtors RT Golden Hills, LP, River Birch, LP, Sienna Pointe, LLC, Autumn Wood I, LP, Pinewood Condominiums LP, and Vaca Villa Apartments LP. These loans are separately guaranteed by LFM and KSMP. See, Motion, page 30 of 262.

Due to, among other things, the complete lack of information with respect to the financial affairs, assets, and liabilities of KSMP, no party can make an intelligent decision on whether the requested substantive consolidation is beneficial or harmful to them, individually, or the separate creditor groups of LFM and KSMP. Thus, the Motion is premature. Further, the Motion makes many statements and offers various opinions to attempt to support the requested substantive consolidation, but there is absolutely no admissible evidence to support the Motion. The declaration of Mr. Golden (LFM docket no. 1586), one of the LFM Creditors' Committees' many lawyers working on this matter, lacks foundation. Mr. Golden has absolutely no personal knowledge concerning the multitude of hearsay documents attached to the Motion or the contents or creation of such documents, and the documents attached to the Motion and referred to in Mr. Golden's declaration are hearsay, not properly authenticated and are inadmissible. As the Motion lacks admissible evidence, it must be denied without prejudice at this time.

## SUBSTANTIVE CONSOLIDATION OF LFM
## AND KSMP SHOULD BE DENIED WITHOUT PREJUDICE

A. General Principles Concerning Substantive Consolidation.

Substantive consolidation "is an extreme and unusual remedy." *Gandy v. Gandy (In re Gandy)*, 299 F.3d 489, 499 (5th Cir. 2002).

"Proponents of substantive consolidation have the burden of showing one or the other rationale for consolidation." *In re Owens Corning*, 419 F.3d 195, 212 (3rd Cir. 2005).

"Substantive consolidation 'is no mere instrument of procedural convenience … but a measure vitally affecting substantive rights,' (citation omitted) to 'be used sparingly' (citation omitted)." *In re Augie/Restivo Baking Co.*, 860 F.2d 515, 518 (2nd Cir. 1988). (See also, *In re Bonham*, 229 F.3d 750, 767 (9th Cir. 2000)("resort to consolidation … should not be Pavlovian, (citation omitted), but as almost every other court has noted, should be used 'sparingly' (citation omitted).")

"Indeed, because substantive consolidation is extreme … and imprecise, this 'rough justice' remedy should be rare and, in any event, one of last resort after considering and rejecting other remedies (for example, the possibility of more precise remedies conferred by the Bankruptcy

Code[, such as the avoidance and recovery of (i) fraudulent conveyances under Bankruptcy Code §§ 548 and 544])." *In re Owens Corning*, 419 F.3d 195, 211 (3rd Cir. 2005).

"Other remedies, such as the doctrines of alter ego and fraudulent conveyance, may be available, and appropriate under the circumstances, and the bankruptcy court should duly make such considerations. Substantive consolidation should not be used as 'a 'free pass' to spare [d]ebtors or any other group from proving challenges, like fraudulent transfer claims, that are liberally brandished to scare yet are hard to show.'… if the objectors to substantive consolidation were as vulnerable to the fraudulent transfer challenges as alleged, 'then the game should be played to the finish in that arena.' (citation omitted.)" *In the Matter of AMCO Insurance*, 444 F.3d 690, 696, fn 5 (5th Cir. 2006). See also, *Owens Corning* at 211.

"Substantive consolidation should be used only after it has been determined that all creditors will benefit because untangling [of affairs] is either impossible or so costly as to consume the assets [of the entities]. Otherwise, for example, a series of fraudulent conveyances might be viewed as resulting in a 'commingling' that justified substantive consolidation. … Commingling, therefore, can justify substantive consolidation only where 'the time and expense necessary even to attempt to unscramble them [is] so substantial as to threaten the realization of any net assets for all the creditors.' (citation omitted.)" *Augie/Restivo* at 519.

Based upon the foregoing principles and the lack of admissible evidence supporting the Motion, the Motion should be denied without prejudice at this time.

B. <u>The Motion is Premature and Should Be Denied.</u>

The Motion was filed a mere (i) eleven (11) days after KSMP became a debtor in this Court and (ii) four (4) days after Ms. Itkin was initially appointed as the interim responsible individual for KSMP. As a result of the foregoing, at this time, KSMP has not filed its Schedules, Statement of Financial Affairs and other required documents to disclose to all creditors and interested parties KSMP's assets, liabilities and financial affairs. Further, KSMP just recently obtained, by Order of this Court, an extension to and through August 8, 2025, to file such documents. See, Order, KSMP docket no. 173. The Creditors' Committee for the LFM Debtors appears to be taking advantage of this lack of information to obtain substantive consolidation

before any meaningful analysis can take place to determine whether LFM and KSMP are so "hopelessly entangled" that the "time and expense necessary even to attempt to unscramble [LFM and KSMP] is so substantial as to threaten the realization of any net assets for all the creditors' or where no accurate identification and allocation of assets is possible." *Bonham* at 766.

At the hearing on the Extension Motion, a transcript of which is attached to this Response and Opposition of the Bank as Exhibit A, the Court stated as follows:

> The Court: It's unlikely I'm going to rule on this motion at the hearing date. How do you file a motion for substantive consolidation . . . when the schedules haven't been filed yet. Mr. Taylor? Transcript, p. 8, lines 11-14.

At this time, due to the lack of any adequate information concerning the assets and liabilities of KSMP, it is simply impossible for this Court, or any creditor or interested party, to make any determination if "all creditors will benefit because untangling [of affairs] is either impossible or so costly as to consume the assets [of the entities]." *Augie/Restivo* at 519. There is no way that any creditor or party in interest can determine whether or not they will be a "winner" or a "loser" as a result of the proposed consolidation. The Bank, due to the lack of information, has no way to determine whether or not the requested consolidation will prejudice its potential recovery on the separate guaranties of LFM and KSMP, if necessary. On this ground alone, the Motion should be denied.

Additionally, notwithstanding the assertion by the LFM Creditors' Committee that the affairs of LFM and KSMP are "so entangled" that the egg cannot be unscrambled, the Motion goes into great detail concerning KSMP's affairs and bank transfers and explains many of the transactions between LFM and KSMP. The detailed allegations set forth in the Motion (which are not supported by any declarations or admissible evidence) suggests that the affairs of LFM and KSMP are not "hopeless entangled." In this day and age, it is standard operating procedure for affiliated entities to (i) have overlapping ownership and control, (ii) share facilities and employees, (iii) have transactions between affiliated entities and (iv) have parent entities, such as LFM and KSMP, provide guaranties for loan transactions involving subsidiaries or affiliated entities managed by the parent entities. Thus, these alleged (and unsupported) facts do not, and should

73407914v2
UMPQUA BANK OPPOSITION RE SUBSTANTIVE CONSOLIDATION MOTION
Case No. 24-10545

not, be a basis for the substantive consolidation of LFM and KSMP.

Third, many of the alleged transactions and "facts" used as support for the requested consolidation appear to be potential fraudulent conveyances or other types of transactions that may be avoidable. Substantive consolidation is not a substitute for avoidance actions.

> Other remedies, such as the doctrines of alter ego and fraudulent conveyance, may be available, and appropriate under the circumstances, and the bankruptcy court should duly make such considerations. Substantive consolidation should not be used as 'a 'free pass' to spare [d]ebtors or any other group from proving challenges, like fraudulent transfer claims, that are liberally brandished to scare yet are hard to show.'... if the objectors to substantive consolidation were as vulnerable to the fraudulent transfer challenges as alleged, 'then the game should be played to the finish in that arena.' (citation omitted.)

*In the Matter of AMCO Insurance*, 444 F.3d 690, 696, fn 5 (5th Cir. 2006). See also, *Owens Corning* at 211.

Finally, in an attempt to convince the parties to not oppose this Motion and convince the Court to grant the Motion, the Creditors' Committee states that the cost to "untangle" or "disentangle" the affairs of LFM and KSMP "will cost more than $20 million." See, Motion, page 8 of 262, lines 11-14 and page 33 of 262, line 22 through page 34 of 262, line 2. Yet, there is **zero** evidence on this issue; no declaration of any one has been filed making this statement or explaining the basis for this statement. The only "evidence" (which is inadmissible) supporting the Motion are hearsay documents and other documents and alleged agreements which are not authenticated (and cannot be authenticated by a lawyer for the Creditors' Committee). There is no admissible evidence to support the Motion and, at the final evidentiary hearing, the Bank, as it does here, will object to the offered "evidence" being admitted.

C. The Creditors' Committee Has Not Met Its Burden of Proof.

"Proponents of substantive consolidation have the burden of showing one or the other rationale for consolidation." *In re Owens Corning*, 419 F.3d 195, 212 (3rd Cir. 2005). Here, the Creditors' Committee has not met its burden because it has not produced any admissible evidence to support the drastic remedy of substantive consolidation.[2]

---

[2] At the final evidentiary hearing on the Motion, the Bank will, if necessary, raise all appropriate objections to the Creditors' Committee's alleged evidence.

UMPQUA BANK OPPOSITION RE SUBSTANTIVE CONSOLIDATION MOTION

The only declaration filed in support of the requested consolidation is the declaration of Steven W. Golden (LFM docket no. 1568) ("Golden Decl."), one of the many attorneys representing the LFM Debtors' Creditors' Committee. The Golden Decl. does not contain any substantive testimony. The Golden Decl., based on Mr. Golden's alleged personal knowledge, seeks to introduce documents of third parties that are hearsay, documents that pre-date this bankruptcy case, and documents filed with certain courts, including this Bankruptcy Court.

Not one of the documents attached to the Golden Decl. are admissible. First, all of the documents attached to the Golden Decl. are hearsay. Second, how can Mr. Golden authenticate any of the documents attached to his declaration; he has no personal knowledge concerning the creation of the documents, the execution of the documents or the relevant facts to cause such documents to be "business records." Mr. Golden's employment as one of the many lawyers representing the LFM Debtors' Creditors' Committee does give him special powers to authenticate any records. Third, while some of the offered documents are documents filed with a court (see, Exhibits B, C, and L), that does not make them admissible for the truth of the matters set forth therein. While the Bankruptcy Court may take judicial notice of these documents, judicial notice only allows the Bankruptcy Court to take judicial notice of the existence of the documents and what it says, but not the truth of what is said in the judicially noticed document. See, *In re Blumer*, 95 B.R. 143, 146 (9th Cir. B.A.P. 1988)("It is well established that a court may take judicial notice of its own records. (Citations omitted.) But this does not mean that a court can take judicial notice of the truth of all documents found within a court's records. That a fact sought to be noticed is found in a court's records is not talismanic; the fact still must be of a type described in Fed.R.Evid. 201."); *M/V American Queen v. San Diego Marine Construction Corp.*, 708 F.2d 1483, 1491, (9th Cir. 1983)("a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it."); and *In re Scarpinito*, 196 B.R. 257, 267 (Bankr. E.D.N.Y. 1996)("While a bankruptcy judge may take judicial notice of a bankruptcy court's records, see Fed.R.Evid. 201(c), made applicable hereto by Fed.R.Bankr.P 9017 (citations omitted), we may not infer the truth of facts contained in documents, unfettered by rules of

evidence or logic, simply because such documents were filed with the court.")

Simply put, no admissible evidence supports the substantive consolidation of LFM and KSMP. The Creditors' Committee has failed to carry its burden of proof. The Motion should be denied without prejudice as premature at this time.

## CONCLUSION

Based upon the foregoing, Umpqua Bank respectfully requests that the Motion be denied without prejudice at this time.

DATED: July 2, 2025

JEFFER MANGELS BUTLER & MITCHELL LLP
ROBEFRT B. KAPLAN
THOMAS M. GEHER


By: /s/ Robert B. Kaplan
ROBERT B. KAPLAN
Attorneys for Umpqua Bank