WILKE FLEURY LLP
DANIEL L. EGAN (SBN 142631)
degan@wilkefleury.com
JASON G. ELDRED (SBN 327148)
jeldred@wilkefleury.com
621 Capitol Mall, Suite 900
Sacramento, California 95814
Telephone:   (916) 441-2430
Facsimile:   (916) 442-6664

Attorneys for CHASE 1992 FAMILY TRUST

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

In re:

LEFEVER MATTSON, a California corporation, et al.

Debtors.

Case No. 24-10545
Chapter 11

**CHASE 1992 FAMILY TRUST'S OPPOSITION TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR SUBSTANTIVE CONSOLIDATION OF DEBTOR LEFEVER MATTSON AND KS MATTSON PARTNERS, LP AND FOR RELATED RELIEF**

Date:   July 18, 2025
Time:   11:00 a.m.
Judge:  Hon. Charles D. Novack

JOHN CHASE, trustee of the CHASE 1992 FAMILY TRUST ("Chase Trust"), files this opposition to the Official Committee of Unsecured Creditors' (the "Committee") Motion for Substantive Consolidation of Debtor LeFever Mattson, Inc. ("LFM") and KS Mattson Partners, LP ("KMP") (the "Motion") as it relates to debtor Live Oak Investments, LP ("Live Oak") as set forth below.

## I.
## FACTUAL BACKGROUND

As stated in prior filings, Live Oak is different from the LFM Debtors and KMP. Live Oak is not part of the Ponzi scheme; it is a victim. Two weeks prior to the commencement of this

1

CHASE 1992 TRUST'S OPPOSITION TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR SUBSTANTIVE CONSOLIDATION OF DEBTORS

Case: 24-10545   Doc# 1761   Filed: 07/18/25   Entered: 07/18/25 15:21:12   Page 1 of 3

bankruptcy case, LFM caused Live Oak to sell its sole asset, generating net proceeds of $3,971,116.96 to Live Oak. (Docket No. 1669 at 3:11-18.) LFM subsequently filed for bankruptcy, preventing Live Oak from distributing any of the remaining proceeds to its legitimate investors. Said another way, Live Oak has a valuable asset (cash) that can be liquidated and distributed to its legitimate investors.

## II.
## DISCUSSION

In the Ninth Circuit, a bankruptcy court may use its equity powers to substantively consolidate legal entities where (i) creditors dealt with the subject entities as a single economic unit and did not rely on their separate identities in extending credit; or (ii) the affairs of the debtors are so entangled that consolidation will benefit all creditors. (*Alexander v. Compton (In re Bonham)*, 229 F.3d 750, 766 (9th Cir. 2000).) Substantive consolidation should be used sparingly. (*Id.*)

Preliminarily, the Motion is ambiguous in terms of what exactly the Committee seeks to substantively consolidate. Footnote 2 on page 1 of the Motion states the Committee reserves the right to seek substantive consolidation of all the LFM Debtors until plan confirmation; page 18 of the Motion requests an order substantively consolidating the cases of LFM and KMP; and the proposed order suggests the Motion would substantively consolidate all of the LFM Debtors with LFM and KMP. It is entirely unclear what entities the Committee seeks to substantively consolidate. To the extent the Committee seeks to substantively consolidate Live Oak with any entity, the Committee fails to present any admissible evidence to satisfy either as it relates to Live Oak specifically. Rather, the Committee makes broad allegations, lumping Live Oak with sixty other debtors without any mention of its unique nature.

Live Oak's Schedules of Assets and Liabilities shows that its assets consist of cash in bank accounts and claims against other LFM Debtors. (Docket No. 319.) Live Oak has no real estate and no operations. The only proofs of claim against Live Oak are claims asserted by Ken Mattson and Tim LeFever. (Docket No. 916, 4:18-24.) Essentially, Live Oak is solvent and liquid. Its assets are readily identifiable, and consolidating Live Oak with the remaining LFM Debtors just dilutes Live Oak's creditors' distributions.

3848315.1
2
CLOSE 1992 DEBTOR'S OPPOSITION TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR SUBSTANTIVE CONSOLIDATION OF DEBTORS

WILKE FLEURY LLP
ATTORNEYS AT LAW
SACRAMENTO

Case: 24-10545  Doc# 1761  Filed: 07/18/25  Entered: 07/18/25 15:21:12  Page 2 of 3

Other genuine creditors have recognized Live Oak's differences from the other LFM Debtors. A separate Live Oak investor, Creditor Andrew Revocable Trust dated June 21, 2001 (the "Andrew Trust") moved for an order appointing a trustee in the Live Oak bankruptcy. (See Case No. 24-10511; Docket No. 17.) Other creditors are already seeking judicial relief to administer Live Oak's estate, further demonstrating that Live Oak's assets are ready to be distributed. The Committee fails to allege facts to warrant the extraordinary relief of substantively consolidating Live Oak with the remaining LFM Debtors.

## III.
## CONCLUSION

The Committee has not demonstrated sufficient grounds to substantively consolidate Live Oak with any of the other debtors. The Court should deny the Committee's motion for substantive consolidation. In the alternative, should the Court substantively consolidate the LFM Debtors with LFM and/or KSM, Live Oak should be excluded from the substantive consolidation.

DATED: July 18, 2025       WILKE FLEURY LLP

By: _____
JASON G. ELDRED
Attorneys for CHASE 1992 FAMILY TRUST

3848315.1

3

Case: 24-10545  Doc# 1761  Filed: 07/18/25  Entered: 07/18/25 15:21:12  Page 3 of 3

CHASE 1992 TRUST'S OPPOSITION TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR SUBSTANTIVE CONSOLIDATION OF DEBTORS