**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DAVID A. TAYLOR (Cal. Bar No. 247433)
(dtaylor@kbkllp.com)
THOMAS B. RUPP (Cal. Bar No. 278041)
(trupp@kbkllp.com)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Attorneys for the Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>LEFEVER MATTSON, a California corporation, *et al.*,[1]<br><br>Debtors.<br><br>In re:<br><br>KS MATTSON PARTNERS, LP,<br><br>Debtor. | Case No. 24-10545 (CN) (Lead Case)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**DECLARATION OF BRADLEY D. SHARP IN SUPPORT OF DEBTORS' MOTION FOR ORDER FURTHER EXTENDING THE TIME TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS**<br><br>**Date:** August 22, 2025<br>**Time:** 11:00 a.m.<br>**Place**: United States Bankruptcy Court<br>     1300 Clay Street, Courtroom 215<br>     Oakland, CA 94612 |

---

[1] The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 9562. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

I, Bradley D. Sharp, hereby declare as follows:

1. I am the President and Chief Executive Officer of Development Specialists, Inc. ("DSI"), a leading provider of management consulting and financial advisory services, including turnaround consulting, fiduciary roles, and financial restructuring services, with numerous offices throughout the country.

2. I submit this declaration pursuant to 28 U.S.C. § 1746 in support of the *Debtors' Motion for Order Further Extending the Time to File Notices of Removal of Related Proceedings* (the "Motion").[2]

3. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, information supplied to me by other members of the Debtors' management, employees, and professionals, or learned from my review of relevant documents or upon my opinion based upon my experience and knowledge of the Debtors' operations and financial condition. If called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized by the Debtors to submit this declaration.

4. The Debtors are parties to several known lawsuits pending in various California state courts and the United States District Court for the Northern District of California, which are listed in the schedules of assets and liabilities and statements of financial affairs for the Debtors [Dkt. Nos. 292–353].

5. In most of these actions, the Debtors are defendants, and the claims against them are stayed pursuant to 11 U.S.C. § 362(a). In one particular action, pending in Sonoma County Superior Court as Case No. 24CV03485 (the "Sonoma County Action"), Debtors LeFever Mattson, Divi Divi Tree, L.P., and Windscape Apartments, LLC, are plaintiffs and Kenneth W. Mattson and KSMP are defendants (the two defendants together, the "Mattson Parties"). As described below, the Debtors' claims against both Mattson Parties in this action are currently stayed pursuant to section 362(a) of the Bankruptcy Code.

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

6. On November 22, 2024, Debtor LeFever Mattson filed an involuntary chapter 11 petition against Mr. Mattson (the "Mattson Involuntary Case"), and Debtors LeFever Mattson and Windtree, LP filed an involuntary chapter 11 petition against KSMP. Both cases are pending before this Court.

7. The filing of these involuntary petitions caused any claims of the Debtors against the Mattson Parties to be stayed pursuant to section 362(a) of the Bankruptcy Code.

8. Subsequent to an agreement between KSMP and LeFever Mattson, the Court entered the *Stipulated Order for Relief in an Involuntary Case* on June 9, 2025 [Case No. 24-10715, Dkt. No. 131] (the "KSMP Order for Relief"). KSMP is now a chapter 11 debtor in possession, and its case is now jointly administered, for procedural purposes only, with those of the Debtors, pursuant to the *Stipulated Bridge Order in Connection With the Motion to Substantively Consolidate the Bankruptcy Estates of LeFever Mattson and KS Mattson Partners, LP*, entered on July 29, 2025 [Dkt. 1887].

9. KSMP has retained an independent responsible individual, Ms. Robbin Itkin, and Mr. Mattson is no longer directing or operating KSMP. Due to the entry of the KSMP Order for Relief, the stay pursuant to section 362(a) of the Bankruptcy Code of any claims against KSMP remains in place.

10. In the Mattson Involuntary Case, on July 10, 2025, Mr. Mattson and LeFever Mattson entered into the *Stipulation Regarding Consent of Kenneth W. Mattson to Entry of Order for Relief* [Case No. 24-10714, Dkt. No. 114] (the "Mattson Stipulation"). The Court entered an order approving the Mattson Stipulation on July 14, 2025 [Case No. 24-10714, Dkt. No. 118]. Pursuant to the Mattson Stipulation, Mr. Mattson shall be deemed to have consented to entry of an order of relief on September 2, 2025. The stay pursuant to section 362(a) of the Bankruptcy Code of any claims against KSMP remains in place.

11. The Debtors are continuing to review their records to determine whether it would benefit their estates to remove any of the Civil Actions. To date, however, the Debtors have not determined which, if any, of the Civil Actions they may seek to remove. In particular, the automatic stays of the Mattson Parties have essentially halted the Sonoma County Action, and it

would not be an efficient use of any estate's resources to litigate removal at this time. Given that the Debtors and their professionals have been actively engaged in operating their businesses, marketing their real property, investigating the financial transactions leading to the Chapter 11 Cases, and formulating a plan that will be acceptable to their creditors and other parties in interest, the Debtors require additional time to consider whether to file notices of removal of any of the Civil Actions.

12. Therefore, the Debtors believe that it is prudent to seek a fourth extension of the time prescribed under Bankruptcy Rule 9027(a)(2) through and including December 31, 2025, to protect their right to remove those Civil Actions if they deem it to be appropriate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 1, 2025.

*/s/ Bradley D. Sharp*
Bradley D. Sharp