**Entered on Docket**
**October 22, 2025**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes the order of the Court.
Signed: October 22, 2025

Charles Novack
U.S. Bankruptcy Judge

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DAVID A. TAYLOR (Cal. Bar No. 247433)
(dtaylor@kbkllp.com)
THOMAS B. RUPP (Cal. Bar No. 278041)
(trupp@kbkllp.com)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Attorneys for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br><br>LEFEVER MATTSON, a California corporation, *et al.*,[1]<br><br>Debtors. | Lead Case No. 24-10545 (CN)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**ORDER APPROVING ASSET SALE OF THE PROPERTY LOCATED AT 7210-7212 GRADY DRIVE, CITRUS HEIGHTS, CA 95621** |
| In re<br><br>KS MATTSON PARTNERS, LP,<br><br>Debtor. | |

[1] The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 9562. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

Upon submission of the Certificate of No Objection regarding the proposed sale (the "Sale") of the property located at 7210-7212 Grady Drive, Citrus Heights, California 95621 (the "Subject Property") as contemplated by the Sale Procedures approved by the *Order Establishing Omnibus Procedures for Real Property Sales* [Dkt. No. 971] (the "Sale Procedures Order"),[2] filed by the above-captioned debtors and debtors in possession (the "Debtors")[3]; the Court having reviewed the *Notice of Sale of Subject Property Located at 7210-7212 Grady Drive, Citrus Heights, CA 95621* dated August 29, 2025 [Dkt. No. 2492] (the "Sale Notice") and the *Declaration of Kamaljit Kaur Brar in Support of Adequate Assurance of Future Performance with Respect to the Assumption and Assignment of Executory Leases and/or Unexpired Contracts in Connection with the Sale of 7210-7212 Grady Drive, Citrus Heights, CA 95621* (the "Buyer's Declaration") [Dkt. No. 2493]; and the Court having found that (i) the Court has jurisdiction to consider the proposed sale pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"); (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) the Sale Notice was sufficient under the circumstances; and (v) all Notice Parties have been served with Sale Notice; and after due deliberation the Court having determined that the relief requested in the Sale Notice is in the best interests of the Debtors, their estates, and their creditors; and good and sufficient cause having been shown;

**IT IS HEREBY ORDERED THAT:**

1. The proposed Sale of the Subject Property located at 7210-7212 Grady Drive, Citrus Heights, California 95621, APN 243-0311-020-0000, owned by Debtor Valley Oak

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Sale Procedures Order.

[3] Unless otherwise indicated, "Debtors" as used herein excludes KSMP and Live Oak Investors, LP.

Investments, LP, to Kamaljit Kaur Brar (the "Buyer"), pursuant to the terms of the purchase agreement attached hereto as **Exhibit A**, is approved.

2. The Buyer's offer was the most favorable for the Subject Property.

3. The Sale Notice and Buyer's Declaration have been served on all Notice Parties.

4. Pursuant to the Sale Notice and section 363(f) of the Bankruptcy Code, the Sale shall be free and clear of liens and encumbrances to the extent provided under the Bankruptcy Code, with any such liens or encumbrances of any kind or nature, to the extent not paid pursuant to paragraph 8 below, to attach to the net proceeds of the sale in the order of their priority, with the same validity, force and effect which they had immediately prior to Sale as against the Subject Property.

5. The Debtors are authorized to fully assume, perform under, consummate and implement the sale agreement and all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale, including the purchase and sale agreement and escrow instructions.

6. Pursuant to Bankruptcy Code section 365(a), the Debtors are authorized to assume the Leases identified in the Sale Notice.

7. Pursuant to Bankruptcy Code section 365(f), the Debtors are authorized to assign the Leases to the Buyer and, pursuant to Bankruptcy Code section 365(k), the Debtors shall be relieved from any liability for any breach of the lease after such assignment, both effective upon the closing of the Sale.

8. The Debtors, and any escrow agent upon the Debtors' written instruction, shall pay directly from escrow upon closing (i) all Closing Costs, including but not limited to, the real estate commission of the Brokers and FTI's advisory and transaction fee in the indicated amounts, costs of sale, and escrow costs, (ii) any outstanding property taxes, and (iii) any liens of any secured creditor for which there are no objections pending at the time of closing.

9. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004 or 6006 or any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly lifted. The Debtors are not subject to any stay in the

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

implementation, enforcement or realization of the relief granted in this Order, and may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10. Nothing contained in the Sale Notice or this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy, other than those identified in the Sale Notice, between the Debtors and any third party under section 365 of the Bankruptcy Code.

11. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

12. The Debtors are authorized to make non-substantive changes to the documents referenced herein without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the aforementioned documents prior to their distribution.

13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

** END OF ORDER **

## Court Service List

*All ECF participants.*

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104