**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DAVID A. TAYLOR (Cal. Bar No. 247433)
(dtaylor@kbkllp.com)
THOMAS B. RUPP (Cal. Bar No. 278041)
(trupp@kbkllp.com)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Attorneys for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br><br>LEFEVER MATTSON, a California corporation, *et al.*,[1]<br><br>Debtors. | Lead Case No. 24-10545 (CN)<br><br>(Jointly Administered)<br><br>Chapter 11 |
| In re:<br><br>KS MATTSON PARTNERS, LP,<br><br>Debtor. | **MOTION OF DEBTORS (I) AUTHORIZING DEBTORS TO ABANDON REAL PROPERTY; (II) MODIFYING THE AUTOMATIC STAY; AND (III) GRANTING RELATED RELIEF**<br><br>**Date:** February 26, 2026<br>**Time:** 11:00 a.m.<br>**Place:** **(In Person or Via Zoom)**<br>United States Bankruptcy Court<br>1300 Clay Street, Courtroom 215<br>Oakland, CA 94612 |

[1] The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

LeFever Mattson, a California corporation ("LeFever Mattson"), and certain of its affiliates that are debtors and debtors in possession (the "Debtors")[2] in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby move (the "Motion") this Court pursuant to sections 554(a), 362(d), and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing, but not directing, Debtors Windscape Apartments, LLC ("Windscape"), Firetree III, LP ("Firetree III"), and LeFever Mattson to abandon certain real property, and any personal property contained therein, as further described below (the "Properties"); (ii) modifying the automatic stay as to the Properties; and (iii) granting related relief.

In support of this Motion, the Debtors submit the (i) *Declaration of Bradley D. Sharp in Support of Motion of Debtors (I) Authorizing Debtors to Abandon Real Property; (II) Modifying the Automatic Stay; and (III) Granting Related Relief* (the "Sharp Declaration"); (ii) *Declaration of Ramon Kochavi in Support of Motion of Debtors (I) Authorizing Debtors to Abandon Real Property; (II) Modifying the Automatic Stay; and (III) Granting Related Relief* (the "Kochavi Declaration"); (iii) *Declaration of Daniel Casabonne in Support of Motion of Debtors (I) Authorizing Debtors to Abandon Real Property; (II) Modifying the Automatic Stay; and (III) Granting Related Relief* (the "Casabonne Declaration"); and (iv) *Declaration of Maurice Tegelaar in Support of Motion of Debtors (I) Authorizing Debtors to Abandon Real Property; (II) Modifying the Automatic Stay; and (III) Granting Related Relief* (the "Tegelaar Declaration," and jointly with the Sharp, Kochavi, and Casabonne Declarations, the "Declarations") filed concurrently herewith.

/ / /

/ / /

/ / /

/ / /

---

[2] Unless otherwise indicated, "Debtors" as used herein excludes KSMP.

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION AND VENUE

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

### A. The Chapter 11 Cases

Debtor Windscape filed its chapter 11 petition on August 6, 2024. Fifty-seven Debtors, including LeFever Mattson, filed their chapter 11 petitions on September 12, 2024 (the "Petition Date"). Debtors Pinewood Condominiums, LP, and Ponderosa Pines, LP, filed their chapter 11 petitions on October 2, 2024. As of the Petition Date, Bradley D. Sharp has been appointed the Chief Restructuring Officer of the Debtors.

On November 24, 2024, KSMP became subject to an involuntary petition for relief under chapter 11 of the Bankruptcy Code. On June 9, 2025, the Court entered the *Stipulated Order for Relief in an Involuntary Case* [KSMP Dkt. No. 131]. KSMP is now a chapter 11 debtor in possession, and its case is jointly administered, for procedural purposes only, with those of the Debtors. Effective as of June 16, 2025, Ms. Robbin L. Itkin is the responsible individual of KSMP, and Mr. Kenneth Mattson is no longer directing or operating KSMP.

The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The United States Trustee appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases on October 9, 2024, [Dkt. No. 135], amended the appointment on November 25, 2024 [Dkt. No. 368], and again on August 26, 2025 [Dkt. No. 2104]. No trustee or examiner has been appointed in these Chapter 11 Cases.

To assist the Debtors in the value maximizing strategy and disposition of their real property portfolio, the Debtors and the Committee retained FTI Consulting, Inc. and FTI Consulting Realty,

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

Inc. (jointly, "FTI") to provide certain real estate and tax advisory services in these Chapter 11 Cases.

**B. The Real Property to Be Abandoned**

The Debtors intend to abandon the following four parcels of real property to their respective secured lenders:

| Property Address | APN | Owner |
|---|---|---|
| 525 W. Napa Street, Sonoma, CA 95476 | 018-530-054-000 | Windscape Apartments, LLC |
| 520, 530, and 532 Studley Street, Sonoma, CA 95476 | 018-530-014-000 | Windscape Apartments, LLC |
| 453-457 and 459 2nd Street West, Sonoma, CA 95476 | 018-201-016-000 | Firetree III, LP |
| 830 Illinois Street #1-4, Fairfield, CA 94533 | 030-312-100-000 | LeFever Mattson, a California corporation |

**1. 525 West Napa Street and 520, 530, and 532 Studley Street**

525 West Napa Street, Sonoma, California ("525 W. Napa") and 520, 530, and 532 Studley Street, Sonoma, California ("520-532 Studley," and together with 525 W. Napa, the "Duggans Properties") are two adjacent properties previously owned by Duggans Mission Chapel, a California corporation ("Duggans"). 525 W. Napa is a commercial property and leased by a mortuary business known as "Duggan's Mission Chapel" (the "Chapel"). KSMP, which originally purchased the Duggans Properties, signed a multi-year, under-market lease with the Chapel. 520-532 Studley is a multi-unit residential property consisting of two structures: a 3-bedroom/2-bathroom duplex and a 2-bedroom/2-bathroom single-family home. Though the Duggans Properties are separate, the Chapel's parking lot is shared with the neighboring 520-532 Studley parking lot.

In September 2022, Duggans sold the Duggans Properties to KSMP for $6,500,000, and KSMP executed a promissory note in the original principal amount of $4,875,000 (the "Duggans Note"). The current balance on the Duggans Note is approximately $5,234,000. The Duggans Note is secured by a deed of trust encumbering the Duggans Properties, which was recorded in the Official Records of Sonoma County as Document No. 2022061805. In November 2022, KSMP

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

transferred the Duggans Properties to Windscape, recorded in the Official Records of Sonoma County as Document No. 2023027491.

Since 525 W. Napa is a specialized commercial property and 520-532 Studley is a residential property, they were marketed separately. To market and sell 525 W. Napa, the Debtors engaged the services of real estate broker Marcus & Millichap Real Estate Investment Services, Inc. ("Marcus & Millichap") [employment order at Dkt. No. 846, as amended in Dkt. Nos. 1342, 1405, 1985, and 2073]. Marcus & Millichap brought the property to market on an unpriced basis on September 5, 2025. The listing was posted on Crexi, LoopNet, CoStar, and Marcus & Millichap's online platform, and was also included in several email distributions to both principals and brokers. To date, the listing has generated 1,412 property-detail views and 23,262 impressions across the various online services and email campaigns.

The decision to market the 525 W. Napa unpriced was driven by the existing under-market lease—approximately seven years plus two additional five-year options remaining at a well-below-market rent—which would have put the listing price well below the outstanding secured debt.[3] The property was also marketed in conjunction with the adjacent single-family home on the 520-532 Studley Property to potentially increase pricing interest from the current tenant and other prospects.

Market interest was low, and no in-person tours were conducted. One funeral home operator made inquiries but did not make a formal offer. The strongest interest came from the current Chapel operator, who made an offer for both Duggans Properties in the range of $3.2 million to $3.6 million, depending on certain contingencies. That offer was presented to Duggans and was rejected as being too far below the secured debt.

To market 520-532 Studley, the Debtors engaged the services of real estate broker Sotheby's International Realty ("Sotheby's") [employment order at Dkt. No. 847]. 520-532 Studley was listed for $1.5 million and was on the market for over 146 days. During that time, it

[3] Listing a property as "unpriced" is a common practice for challenging commercial properties which helps generate interest in the property while allowing the broker to negotiate for a higher price.

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

was posted on the Sonoma County MLS as well as the Sotheby's website. The listing recorded 5,418 agent hits on the MLS, and 3,916 views on the brokerage website. 11 nondisclosure agreements were executed, and disclosure materials were provided to those properties. Six property tours were held. Despite that marketing, no offers were received.

After the robust marketing by both Marcus & Millichap and Sotheby's, the best offer for the Duggans Properties was the Chapel's for $3.2 million to $3.6 million for both 525 W. Napa and 520-532 Studley, well below the $5.2 million owed on the Duggans Note.

The Debtors have reviewed all offers and expressions of interest received, the property marketing summary reports provided by Marcus & Millichap and Sotheby's, and the strategic advice of FTI and the Committee. Based on the foregoing, the Debtors have determined that abandonment of the Duggans Properties and modification of the stay is in the best interest of the Debtors' estates, their creditors, and other parties in interest, and represents a sound exercise of their business judgment.

**2. 453-457 and 459 2nd Street West**

453-457 and 459 2nd Street West, Sonoma, California (the "Bragg Property") is a mixed-use property previously owned by the Frank Bragg Revocable Trust dated June 5, 2002 (the "Bragg Trust"). In June 2021, the Bragg Trust sold the Bragg Property to KSMP for $1,825,000, and KSMP executed a promissory note in the original principal amount of $1,200,000 (the "Bragg Note"). The current balance on the Bragg Note is approximately $1,300,000. The Bragg Note is secured by a deed of trust encumbering the Bragg Property, which was recorded in the Official Records of Sonoma County as Document No. 2021077302. KSMP subsequently transferred the Bragg Property to Firetree III.

The Debtors engaged the services of real estate broker Compass California II, Inc. ("Compass") [employment order at Dkt. No. 1040, amended in Dkt. No. 1253] to conduct market research on the Bragg Property and prepare a broker opinion of value ("BOV"). Based on Compass' BOV, the Bragg Property supported a market valuation of $1,250,000. The average sold listing price of comparable properties in the local market was of $1,555,590. The below average valuation accounted for the specific characteristics of the Bragg Property. It is a 1,265

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

square foot non-residential structure built in 1948, situated on a 0.18-acre lot, distinguishing it from the larger multi-family and mixed-use comparables which average over 3,600 square feet. While Compass identified comparable sales ranging from $1.1 million to over $2.47 million, the $1,250,000 estimate is below the active and sold averages ($1,572,000 and $1,555,590, respectively) to reflect the Bragg Property's smaller footprint and specific utility within the Sonoma market.

The balance on the Bragg Note, approximately $1,300,000, is greater than its estimated value, $1,250,000, prior to paying commissions and closing costs. The Debtors reviewed the BOV, consulted FTI and the Committee for their strategic advice, and had multiple conversations with counsel for the Bragg Trust. Based on the foregoing, the Debtors decided not to market the Bragg Property because there is there is no reasonable prospect of recovery for the benefit of their estates. Accordingly, the Debtors have determined that abandonment of the Bragg Property and modification of the stay is in the best interest of the Debtors' estates, their creditors, and other parties in interest, and represents a sound exercise of their business judgment.

**3. 830 Illinois Street #1-4**

830 Illinois Street #1-4, Fairfield, California ("830 Illinois"; collectively with the Duggans Properties and the Bragg Property, the "Properties") is a 4-unit multifamily residence. In August 2012, Marcia A. Albers executed a promissory note in the original principal amount of $460,000 (the "830 Illinois Note") in favor of LeFever Mattson, which then assigned the note to the PENSCO Trust Company FBO Leland McAbee IRA ("McAbee"). The current balance on the 830 Illinois Note is approximately $990,000. The 830 Illinois Note is secured by a deed of trust encumbering 830 Illinois, which was recorded in the Official Records, Sonoma County, as Document No. 201200085003, and the assignment was recorded in the Official Records, Sonoma County, as Document No. 201300039118.

The Debtors engaged the services of Marcus & Millichap to conduct market research on 830 Illinois. Based on Marcus & Millichap's BOV, 830 Illinois has an estimated value of $725,000, representing a valuation of $201 per square foot and $181,250 per unit. This valuation reflects a comprehensive analysis of the circa 1980 four-unit residential complex, which features

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

3,600 rentable square feet, enclosed three-car garage parking, and separately metered utilities. While Marcus & Millichap noted that comparable sales for quadplex units ranged from $275 to $318 per square foot, 830 Illinois was valued lower to account for its location in a lower priced neighborhood and the higher maintenance requirements of its T-1 11 siding.[4] The $725,000 valuation is further supported by 830 Illinois's annual net operating income of $23,200. Even at that price, the annual income would only support debt of less than $300,000 at current market interest rates.

The current balance on the 830 Illinois Note, approximately $990,000, is greater than its estimated value, $750,000, prior to paying commissions and closing costs. The Debtors reviewed the BOV prepared by Marcus & Millichap, consulted with FTI and the Committee for their strategic advice, and had multiple conversations with counsel for McAbee. Based on the foregoing, the Debtors have decided not to market 830 Illinois because there is there is no reasonable prospect of recovery for the estates. Accordingly, the Debtors have determined that abandonment of the 830 Illinois and modification of the stay is in the best interest of the Debtors' estates, their creditors, and other parties in interest, and represents a sound exercise of their business judgment.

## III. <u>RELIEF REQUESTED</u>

By this Motion, the Debtors request entry of an order, substantially in the form attached hereto as Exhibit A (i) authorizing, but not directing, Debtors Windscape, Firetree III, and LeFever Mattson to abandon the Properties; (ii) modifying the automatic stay; and (iii) granting related relief.

## IV. <u>AUTHORITY FOR RELIEF REQUESTED</u>

### A. Abandonment of the Properties Is Warranted.

"Abandonment" in the bankruptcy context means "the formal relinquishment of the property at issue from the bankruptcy estate." *Catalano v. C.I.R.*, 279 F.3d 682, 685 (9th Cir. 2002). Pursuant to section 554(a) of the Bankruptcy Code, abandonment requires notice, a

[4] T-1 11 siding was typical low-cost siding used in the 1980s and is well beyond its expected useable life.

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

hearing, and a showing, by a preponderance of the evidence, that the property is "burdensome to the estate or . . . of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a); *Vu v. Kendall* (*In re Vu*), 245 B.R. 644, 650 (B.A.P. 9th Cir. 2000); *see In Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497 (1986). This standard is disjunctive. *In re Wilton Armetale, Inc.*, 618 B.R. 424, 432 (Bankr. E.D. Pa. 2020); *see* 11 U.S.C. § 554(a). Section 554(a) of the Bankruptcy Code "serves the purpose of expeditious and equitable distribution by permitting the trustee to abandon property that consumes the resources and drains the income of the estate." *In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 635 (Bankr. E.D. Pa. 1999) (quoting *In re Smith-Douglas, Inc.*, 856 F.2d 12, 16 (4th Cir. 1988)). "Generally, a trustee is expected to abandon fully secured property when a sale will only generate funds for the secured creditor and the trustee." *In re Buchanan*, 270 B.R. 689, 693 (Bankr. N.D. Ohio 2001).

In analyzing abandonment, the bankruptcy court needs only to find that the debtor in possession made: (1) a business judgment; (2) in good faith; (3) upon some reasonable basis; and (4) within the trustee's scope of authority. *Truong v. 325 Broadway Assocs. LLC* (*In re Truong*), 557 B.R. 326, 340 (Bankr. D.N.J. 2016) (citations omitted).

Bankruptcy Rule 6007(a), implementing section 554 of the Bankruptcy Code, requires that the trustee or debtor-in-possession provide 14-days' notice of a proposed abandonment or disposition of property. Fed. R. Bankr. P. 6007(a); *see also Pace v. Battley*, 146 B.R. 562, 566 (B.A.P. 9th Cir. 1992) ("Abandonment requires affirmative action by the trustee or some other evidence of the intent to abandon the asset" (citations omitted)). Property successfully abandoned under section 554 of the Bankruptcy Code ceases to be part of the estate. *Gasprom, Inc. v. Fateh* (*In re Gasprom, Inc.*), 500 B.R. 598, 604 (B.A.P. 9th Cir. 2013).

The Debtors have evaluated the Properties and the market research materials provided by the brokers and found that the total debts owed to their respective secured lenders do not justify the continued time and expense to retain them. The Duggans Properties were marketed, but the Debtors did not receive any offers that exceed the debt owed on the Duggans Note. Although neither the Bragg Property nor 830 Illinois was marketed, based on the BOVs provided by the respective brokers, the debt well exceeded each of the properties' estimated value. Therefore,

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

these Properties are of inconsequential value and benefit to the Debtors' estates. The Properties are fully secured, and sales would only benefit the secured creditors. Accordingly, it is the Debtors' business judgment that abandoning the Properties will be in the best interest of the Debtors, their estates, and their creditors. To the extent that any of the Properties contain personal property, it is of inconsequential value and it is in the best interest of the Debtors, their estates, and their creditors to abandon that as well.

**B. The Automatic Stay Should Be Modified to Allow the Lenders to Exercise Their Rights.**

Upon abandonment, the debtor's interest in the property is restored as of the date of the bankruptcy petition, and the automatic stay arising under section 362(c)(1), which protects acts against property of the estate, is terminated. *Gasprom*, 500 B.R. at 604; *see* 11 U.S.C. § 362(c)(1); *Catalano v. Comm'r of Internal Revenue*, 279 F.3d 682, 685 (9th Cir. 2002); *see also In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990), *aff'd sub nom. Dewsnup v. Timm*, 502 U.S. 410 (1992) (property is abandoned to the party with the possessory right as of the filing of the bankruptcy). Abandonment, however, does not terminate the aspect of the automatic stay arising under section 362(a)(5), which protects property of the debtor, unless and until the case is closed or dismissed, or a discharge is granted or denied. *Gasprom*, 500 B.R. at 606; 11 U.S.C. § 362(a)(5). Section 362(d)(1) allows the automatic stay to be modified where "cause" exists. 11 U.S.C. § 362(d)(1). Section 362(d)(2) allows the automatic stay to be modified where the debtor does not have an equity in such property, and the property is not necessary for an effective reorganization. 11 U.S.C. § 362(d)(2). Modification of the automatic stay will allow the creditor to realize its security interest in the property. *Catalano*, 279 B.R. at 686.

As explained above, the estimated value of each of the Properties is less than the balance remaining on each respective loan, meaning there is no equity left for the Debtors' estates or their creditors. Additionally, because the Debtors are liquidating their real properties, the Properties are not necessary for an effective reorganization. Therefore, the automatic stay should be modified to allow Duggans, the Bragg Trust, and McAbee to exercise their rights under nonbankruptcy law, extinguishing the respective Debtor's ownership rights and eliminating any further expenses.

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

## V. BANKRUPTCY RULE 4001(A)(4) WAIVER

Bankruptcy Rule 4001(a)(4) generally stays the enforcement of an order granting relief from the automatic stay for fourteen days after entry of the order, unless the Court orders otherwise. Waiving the fourteen-day stay will promote judicial economy and efficiency by allowing the Debtors to proceed expeditiously with the abandonment process. The abandoned Properties will no longer burden the estates with maintenance costs, insurance obligations, or potential liability exposure. The Debtors respectfully request that this Court waive the fourteen-day stay of enforcement provided under Rule 4001(a)(4).

## VI. RESERVATION OF RIGHTS

Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors or any collateral, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, any collateral, or any rights and causes of action against any lender including but not limited to claims related to the down payments made by any of the Debtors, including KSMP, or made on their behalf or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve their right to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## VII. NOTICE

Pursuant to Bankruptcy Rule 6007(a), notice of this Motion will be provided to (i) the United States Trustee; (ii) the Committee; (iii) all creditors of Windscape, Firetree III, and LeFever Mattson; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. Based on the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein.

Dated: February 5, 2026

**KELLER BENVENUTTI KIM LLP**

By: */s/ Gabrielle L. Albert*

Gabrielle L. Albert

*Attorneys for the Debtors and Debtors in Possession*

**KELLER BENVENUTTI KIM LLP**
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104